FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 04, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARTIE MARIE SODERBERG,<br><br>Plaintiff,<br><br>v.<br><br>SGT BURRTO'S, OFFICER LADY GUMP, OFFICER MRS. ISANER, UNKNOWN JAIL OFFICER 1, and UNKNOWN OFFICER 2,<br><br>Defendants. | NO. 2:24-CV-0087-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT are Defendants' Motion to Dismiss (ECF No. 30) and Plaintiff's Motion for a Continuance (ECF No. 36). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' motion is **GRANTED** and Plaintiff's motion is **DENIED**.

**BACKGROUND**

Plaintiff is a pro se inmate house at the Washington Correction Center for

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

Women in Gig Harbor Washington.  Plaintiff filed her original Complaint on March 19, 2024 and a First Amended Complaint on June 24, 2024.  ECF Nos. 1, 8. The Court found that Plaintiff's First Amended Complaint sufficiently pled various Eighth Amendment claims against several of the named defendants.  ECF No. 9. Defendants submitted waivers of service on August 15, 2024 and filed an Answer to Plaintiff's Amended Complaint on December 9, 2024.  ECF Nos. 12, 13, 14, 17. The Court issued the Jury Trial Scheduling Order (ECF No. 27) setting the pretrial conference for May 11, 2026 and trial for May 18, 2026.

Defendants now move to dismiss Plaintiff's claims for failure to prosecute. ECF No. 30.  Plaintiff did not file a response to Defendants' motion within the time frame required under LCivR 7(c) but instead filed a motion to continue three days before the motion hearing date.  ECF No. 36.

## DISCUSSION

A district court may dismiss an action where a party fails to follow the district court's local rules.  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Plaintiff's "failure to comply with the requirements" of LCivR 7(c) "may be deemed consent to the entry of an" adverse order.  LCivR 7(e).  Moreover, Plaintiff's request for a continuance comes after discovery has closed, several filing deadlines have passed, and trial is set to commence in just a few weeks. Therefore after weighing "(1) the public's interest in expeditious resolution of

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 2

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions," the Court finds dismissal is warranted. *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for a Continuance (ECF No. 36) is **DENIED**.

2. Defendants' Motion to Dismiss (ECF No. 30) is **GRANTED**.

3. Plaintiff's First Amended Complaint (ECF No. 8) is **DISMISSED without prejudice**.

4. Any remaining pending motions are **DENIED as moot**.

The District Court Executive is directed to enter this Order, enter judgment, furnish copies to the parties, and close the file.

The deadlines, hearings and trial date are **VACATED.**

DATED May 4, 2026.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 3